Helen I. SCHULZE, Plaintiff,

v.

Wilbert F. SCHULZE, Defendant.

Bankruptcy No. 3–81–02101.
Adv. No. 381–0555.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Oct. 22, 1981.

---

William H. Cooper, Greenville, Ohio, for plaintiff.

Thomas R. Noland, Dayton, Ohio, for defendant.

George W. Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

Wilbert F. Schulze filed a petition for relief in accordance with Chapter 13 of title 11, United States Code, on 28 July 1981. On 3 September 1981 Helen I. Schulze, wife of Debtor, filed a complaint objecting to confirmation of the Chapter 13 proposed Plan; Defendant filed an Answer on 24 September 1981; and the matter has been submitted on the record, evidence adduced on 28 September 1981, Memorandum of the Plaintiff filed 13 October 1981, and Memorandum of Debtor/Defendant filed on 14 October 1981.

### FINDINGS OF FACT

In pertinent part the Chapter 13 Plan proposes payments to the Trustee in the sum of $390.00 per month for a period of thirty-six months. The Greenville National Bank, as mortgagee on the homestead real estate, would be paid outside the Plan; and the other secured creditors (totalling $14,-825.00), would be paid in full under the Plan the value of their claims, with lien retention. Unsecured creditors, totalling $24,-694.00, would be paid pro-rata from remaining funds subsequent to secured claims only in nominal amount.

Debtor lists an undivided one-half interest in approximately 25 acres (hereinafter "the farm") and four lots in Florida valued at $22,500.00, as well as four motor vehicles with only nominal value, household goods, two farm tractors and a manure spreader.

At the time the Chapter 13 case was instituted, an action for divorce, custody and support of minor children and equitable division of the marital property and debts was pending, having been previously instituted on 6 October 1980 in the Common Pleas Court of Darke County, Ohio, by Helen I. Schulze vs. Wilbert F. Schulze. There is apparently no claim for alimony, as such, in the state court case.

Debtor lists as sources of income employment as Assembler at Minster Machinery, Minster, Ohio and self employment in the farming business. The Debtor resides in the farmhouse and his wife resides on the farm in a house trailer, with two minor children.

### DECISION

Plaintiff seeks a denial of confirmation of the Chapter 13 Plan and "that said action be remanded to the Common Pleas Court of Darke County, Ohio for adjudication of the action for divorce and equitable division of the marital property and debts."

Defendant counters that the real estate is "essential to generate farm income necessary to fund Debtor's Chapter 13 Plan". It is further urged in behalf of Defendant that, "Plaintiff is fully protected as to the interest held in the property and is better served by not allowing a forced sale of such property in this market where only the mortgages may be satisfied."

Even though the proceedings herein seeks a remand to the state court, it is noted that the state court action has never been removed to this Court. The controversy, therefore, will be treated as a relief from stay action as well as an objection to confirmation of the Chapter 13 Plan. With regard to the objection to confirmation, it is further noted that it is not clear that a business case is intended. Under the superintendency order of the Court pertaining to the administration of Chapter 13 cases, an accounting and appraisal report has not been as yet prepared and filed by the trustee, and there is no evidence clearly to delineate net income from the farm, if any.

■ There can be no doubt that the state court action as it pertains to divorce and the custody of the minor children should not be stayed. Hence, this aspect of the controversy will not be labored by this Court to any degree. See discussion of traditional doctrines and guide lines applicable, in the decision by this Court in *I.L.C., Inc. v. Ebright's Refrigeration Equipment, Inc.,* 13 B.R. 546 (1981).

■ Even though Debtor owns only an undivided one-half interest in the subject real estate, there can be no doubt that this fractional interest, contrary to the argument in behalf of Plaintiff, is property of the Chapter 13 estate. *In the Matter of Reaves, 3 B.R. 605 (1980)* cited in behalf of Plaintiff involves a tenancy by the entirety (in North Carolina) and cannot be followed *instanter.* The provisions of 11 U.S.C. § 541(a)(1) are controlling, as encompassing any interest of a debtor. Whether or not a debtor's interest as a tenant by the entirety is exempt from process under the law of Ohio has not been resolved by the Ohio courts, and has been the subject of wide conjecture. See C. Yzenbaard, *Ohio's Beleaguered Entirety Statute,* 49 Cin. Law Rev. 99 (1980) and Robert J. Shedlarz, *Tenancy by the Entirety in Ohio: Questions with No Answers, L111* Ohio Bar Association Journal 1105 (1980). Since this Court is of the opinion that rationalizing from the English common law historical origins of estates by the entireties to resolve this question under the Ohio statute (R.C. 5302.-17) is not sound because the common law estate, as such, was not adopted and would, furthermore, be inconsistent with modern real estate law theory and practice. We now hold that any exemption applicable would be as a homestead under Section 2329.66(A)(1), as claimed in Debtor's schedules. The Ohio statute does not overrule the Ohio Supreme Court decision in *Sergeant v. Steinberger, 2 Ohio 305 (1826)* which is based upon the doctrine of public policy.* This same public policy is enunciated in Section 2329.662 Ohio Revised Code, which "does not authorize debtors. . . . to exempt the property specified in the Bankruptcy Reform Act of 1978. . ." Assuming the contrary, that common law historical ideas of the tenancy by the entirety should control, the Debtor, personally, is not claiming any interest as a tenant by entirety.

The conclusion, nevertheless, that Debtor's one-half undivided interest is property of the estate only leads to the primary issue, namely: should the Bankruptcy Court exercise jurisdiction to preclude further proceedings in the state domestic relations court. Since the state court jurisdiction had attached prior to federal court jurisdiction, the purpose and effect of the respective legal actions becomes crucial.

The true thrust of Plaintiff's Complaint herein raises questions of adequate protection/relief from stay and is not pertinent as an objection to confirmation.

The nexus of the state court suit is protection of all parties in the family unit upon the granting of a divorce to Plaintiff from Debtor. In this perspective, the state court has jurisdiction over both husband and wife and the property of both parties, as well as the minor dependants. The Chapter 13 process affords only jurisdiction over Debtor and his undivided partial interest vis-á-vis his creditors.

This court is constrained to believe that only the state court can afford adequate protection to Plaintiff and the other inter-

---

* *See contra, In Re Thomas (1981) 14 B.R. 423 (N.D.Ohio, at Akron.)*

ested parties, including joint creditors of both husband and wife. Again referring to the fact that the state court jurisdiction first attached, the provisions of 11 U.S.C. § 362(b)(2) are pertinent to the issue of adequate protection in negating applicability to the collection of alimony, maintenance, or support from property that is not property of the estate. The undivided interest of the wife of the debtor should not be sequestered indirectly by jurisdiction over the undivided interest of debtor, whether a joint tenant in common or by the entirety.

 Furthermore, the protection of the minor children, for which a custodial award was sought before the bankruptcy court jurisdiction attached, should be afforded by the state domestic relations court. Actions only remotely related to the bankruptcy case and which involve the rights of third parties not before the bankruptcy court should be permitted to proceed in the court with prior jurisdiction *"for cause, including lack of adequate protection..."* See 11 U.S.C. 362(d)(1). The bankruptcy court jurisdiction should only be maintained for the purpose of protecting the debtor and his estate from creditors. *H.R.Rep.No.595, 95th Cong., 1st Sess. 343–344 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787.*

The case of *In Re Pagitt, (1980, BC WD LA) 3BR588, 6BC260, 1CBC2d 1013*, cited in behalf of Debtor to deny relief from the stay, involved confusion in the respective property rights and the *quantum* thereof because of two pending divorce actions in two separate state courts, with obvious animosity between the husband and wife. No question was involved there of divorce, alimony, or support of minor children within the exclusive province of the state courts, or not dischargeable in bankruptcy.

The nexus of the Chapter 13 Court jurisdiction is the earning capacity of a debtor. If the earning capacity is not sufficient to support his family and feasibly make payments to the best interest of creditors, then Chapter 7 is the proper procedure for relief so that non-dischargeable obligations can be confronted.

Since the payments proposed to unsecured creditors are minimal, at best, it is concluded that the exercise of jurisdiction in the domestic relations context would provide more adequate relief to all interested parties, and could render no significant harm to either the Debtor's estate or to his unsecured creditors.

In light of the fact that the state court jurisdiction had attached prior to the Chapter 13 jurisdiction, the factors must be weighed with deference to the litigation factors therein involved.

ORDERED, ADJUDGED AND DECREED, that the complaint is denied as an objection to confirmation of the Plan, and the Chapter 13 case shall proceed accordingly with a confirmation hearing.

ORDERED, ADJUDGED AND DECREED, that relief from the stay is granted, to permit Plaintiff to proceed in the state court with her action for divorce and for custody and support of the minor children, including the right to seek a division of property and an allotment for support of the minor children from the Debtor's income including proceeds realized from the operation of the farm.