OPINION
 

 PER CURIAM.
 

 Appellant Slay Warehousing urges us to declare void the district court’s judgment affirming an order of the bankruptcy court. Slay’s sole complaint is that the bankruptcy court lacked subject matter jurisdiction to order it to turn over the M/Y MODERN, which appellee Modern Boats owned. Slay bottoms its argument on the fact that before Modern Boats filed a petition for reorganization under Chapter 11 of the Bankruptcy Code an admiralty court had acquired
 
 in rem
 
 jurisdiction over the vessel. Slay had brought the action to enforce a maritime lien. Because we agree with the district court that the admiralty case did not preclude jurisdiction in the bankruptcy court, we affirm.
 

 In re Louisiana Ship Management,
 
 761 F.2d 1025 (5th Cir.1985) (per curiam), announced the principles that govern disposition of this appeal. The Court there held that the bankruptcy debtor’s filing of a petition for reorganization automatically stayed any action to enforce a maritime lien against a vessel that the debtor owned on the petition date. 761 F.2d at 1026 (citing 11 U.S.C. § 362(a)(5) (1982)). More important for purposes of this appeal, the Court also held that the filing “vested exclusive jurisdiction over the vessel in the court where the Title 11 proceeding was pending, depriving the admiralty court of jurisdiction over it.”
 
 Id; see
 
 28 U.S.C.A. § 1334(d) (West Supp.1985) (vesting in the “district court in which a case under title 11 is commenced or is pending ... exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case”).
 

 The admiralty court’s previous acquisition of
 
 in rem
 
 jurisdiction thus did not defeat the bankruptcy court’s jurisdiction in this case. On the contrary, the petition for reorganization withdrew jurisdiction from the admiralty court and lodged it exclusively in the district court — “the court where the Title 11 proceeding was pending”. The bankruptcy court inherited that jurisdiction when the district court referred the case to it under 28 U.S.C.A. § 157(a) (West Supp.1985).
 
 Cf. Atlantic Richfield Co. v. Good Hope Refineries,
 
 604 F.2d 865, 869 (5th Cir.1979) (construing predecessor bankruptcy statute to authorize bankruptcy court to enjoin admiralty proceedings where bankruptcy cases involved reorganization or arrangement).
 

 Slay also contends for the first time upon this appeal that article III of the Constitution barred the bankruptcy court from ordering the turn over of the MODERN. It relies on
 
 Northern Pipeline Con
 
 
 *621
 

 struction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), as establishing that non-article III courts cannot constitutionally decide admiralty matters. Whatever merit the argument holds, we decline to consider any aspect of it. Slay’s failure to present it to the courts below prevents us from addressing it now.
 
 See, e.g., Masat v. United States,
 
 745 F.2d 985, 988 (5th Cir.1984) (“This court is solely a court of appeals, and its powers are limited to reviewing issues raised in, and decided by, the trial court.”).
 

 The motion of appellee for double costs and attorney’s fees is
 

 DENIED.
 

 AFFIRMED.