13 F.3d 408
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danny VAUGHAN, Appellant,
v.
FIRST NATIONAL BANK; First National Bank, of Wheeler,
Texas; Kenneth Fields, Philip E. Pendleton, James C. Fling,
Belinda Seay, Winstead Sechrest & Minick, P.C., Beverly E.
Landis, Amarillo National Bank, D. Craig Shew, Smith, Shew &
Scrivner, P.C., Crabileigh Vaughan, Great Plains Breeders
Service, Inc., Appellees.
 No. 93-7032.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1993.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Danny Vaughan appeals from an order of the district court affirming the bankruptcy court's dismissal of his adversary proceeding complaint. We exercise jurisdiction under 28 U.S.C. 158(d) and affirm.
 
 I. Background
 
 3
 In November 1989, Mr. Vaughan's wife, Crabileigh Vaughan, filed a petition for divorce in Wheeler County, Texas. In October 1990, before the divorce was finalized, Mr. Vaughan filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Oklahoma ("Bankruptcy Court"). Ms. Vaughan, who was not a debtor in the bankruptcy case, filed an Amendment to List of Exempt Property (the "Amendment") asserting that Mr. Vaughan had failed to file a complete list of exempt property. Objections to the Amendment were filed. The Bankruptcy Court clerk then sent notice to Mr. Vaughan and his attorney, advising them of an upcoming hearing on the objections to the Amendment. Neither Mr. Vaughan nor his attorney attended the hearing. In an order dated February 4, 1991, the Bankruptcy Court denied the objections to the Amendment and sua sponte modified the automatic stay of 11 U.S.C. 362 to permit the completion of the pending divorce action in Wheeler County, Texas.
 
 
 4
 On July 2, 1992, Mr. Vaughan filed an adversary proceeding complaint in the Bankruptcy Court against approximately 130 individuals and entities alleging, among other things, willful violations of the automatic stay. The Bankruptcy Court dismissed Mr. Vaughan's complaint, concluding that the automatic stay had been properly modified by the February 4, 1991 order to permit the conclusion of the pending divorce action in the Texas state court. The United States District Court for the Eastern District of Oklahoma affirmed. Mr. Vaughan now appeals, arguing that his complaint should not have been dismissed because the Bankruptcy Court and the district court erred in holding that the automatic stay was properly modified by the February 4, 1991 order.
 
 II. Discussion
 
 5
 The decision to modify the automatic stay is within the sound discretion of the bankruptcy judge. Pursifull v. Eakin, 814 F.2d 1501, 1504 (10th Cir.1987). We review a judge's decision to lift the automatic stay for an abuse of discretion. Id.
 
 
 6
 We find that the Bankruptcy Court did not abuse its discretion in sua sponte lifting the automatic stay of 11 U.S.C. 362 to permit the completion of the pending divorce action in Wheeler County, Texas. Section 105(a) of the Bankruptcy Code allows bankruptcy courts to sua sponte issue any order necessary or appropriate for the administration of the estate, including modifications to the automatic stay. See In re Bellucci, 119 B.R. 763, 778-79 (Bankr.E.D. Cal.1990) (automatic stay lifted sua sponte to permit state court appeal); In re Laventhol & Horwath, 139 B.R. 109, 116 n. 6 (S.D.N.Y.1992) (bankruptcy court may, if necessary, sua sponte modify the automatic stay in light of the 1986 amendment to 11 U.S.C. 105(a)). Specifically, bankruptcy courts may lift the automatic stay to allow state courts to conclude divorce proceedings. See, e.g., In re White, 851 F.2d 170, 173 (6th Cir.1988).
 
 
 7
 We find the remainder of Mr. Vaughan's arguments meritless. We AFFIRM the district court order affirming the Bankruptcy Court's dismissal of Mr. Vaughan's adversary proceeding complaint. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3