In re JAMES P. BARKMAN, INC., Debtor.

JAMES P. BARKMAN, INC., Plaintiff,

v.

GRANGER CONSTRUCTION COMPANY, Defendant.

Bankruptcy No. 92–21400.
Adv. No. 94–3010.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division,
at Flint.

July 14, 1994.

322

David J. Fisher, Saginaw, MI, for plaintiff.

Anthony S. Kogut, East Lansing, MI, for defendant.

### AMENDED OPINION REGARDING MOTION TO ENFORCE CONTRACTUAL ARBITRATION

ARTHUR J. SPECTOR, Bankruptcy Judge.

On January 28, 1994, the Debtor in Possession ("DIP") filed suit against Granger Construction Company seeking judgment in the amount of $208,618.00. Granger's answer denied that the DIP was entitled to such relief.

On May 27, 1994, Granger filed a motion asking that "this Court enforce the arbitration agreement between the parties and that this adversary proceeding be dismissed with prejudice." Granger's Motion to Enforce Contractual Arbitration Provision and to Dismiss at p. 3. According to Granger, the matter raised by the DIP's complaint is subject to a clause contained in two separate construction contracts signed by the parties which states in pertinent part that the parties' "ultimate dispute resolution method shall be by arbitration and the agreement to arbitrate shall be specifically enforceable in court. The only judicial remedies in court available to the parties shall be to enforce the arbitration agreement and the arbitration award, if any." Defendant's Brief in Support of Motion for Arbitration at Exhibit A, Article 24B(5); id. at Exhibit B, Article XXIVB(5). In responding to this motion, the DIP implicitly conceded that the parties' dispute is covered by the foregoing arbitration

clause. Thus the only issue raised by Granger's motion is whether the clause is enforceable.

In arguing against enforceability, the DIP cited *Cuvrell v. Mazur,* 649 F.2d 1229 (6th Cir.1981), a case involving similar facts in which the Sixth Circuit affirmed the lower courts' refusal to enforce an arbitration provision in the parties' contract. In so ruling, the court concluded that a bankruptcy court need not make "a finding that the arbitration would subvert special bankruptcy concerns" before declining to enforce an arbitration agreement. *Id.* at 1233. Alternatively, the court stated that "[e]ven if a finding that arbitration will subvert special bankruptcy interests were necessary," such a "finding has been made" because "the [debtor's] general creditors would not be represented in the arbitration between ... the trustee" and the other party to the contract. *Id.* at n. 1. As will be explained, however, subsequent caselaw has undermined the validity of both of these holdings.

In *Shearson/American Express v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), the Court was faced with the question of whether "predispute arbitration agreements between brokerage firms and their customers" could be enforced with respect to "a claim brought under § 10(b) of the Securities Exchange Act of 1934" and "a claim brought under the Racketeer Influenced and Corrupt Organizations Act (RICO)." *Id.* at 222, 107 S.Ct. at 2335. The Court relied heavily on the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.,* noting that § 3 of that act "provides that a court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the [parties'] agreement." *Id.* at 226, 107 S.Ct. at 2337. Mindful of this "federal policy favoring arbitration," *id.* (citation omitted), the Court defined the issue before it in the following terms:

> To defeat application of the Arbitration Act in this case, ... the McMahons must demonstrate that Congress intended to make an exception to the Arbitration Act for claims arising under RICO and the Exchange Act, an intention discernible

from the text, history, or purposes of the statute.

*Id.* at 227, 107 S.Ct. at 2338.

■ In the bankruptcy context, at least one court has cited *McMahon*, correctly in my view, for the proposition that a party opposing enforcement of an arbitration clause has the "burden of showing that the text, legislative history, or purpose of the Bankruptcy Code conflicts with the enforcement of an arbitration clause." *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith*, 885 F.2d 1149, 1156 (3d Cir.1989).[1] Thus I believe that *Cuvrell* has been overruled insofar as it held that a bankruptcy court may properly refuse to enforce an arbitration clause notwithstanding the lack of "a finding that the arbitration would subvert special bankruptcy concerns." *See In re P & G Drywall and Acoustical Corp.*, 156 B.R. 704, 705 (Bankr.D.Me.1993) (criticizing "courts [that] have succumbed to judicial inertia by relying on older cases [including *Cuvrell*] and ignoring recent developments in the Supreme Court," and favorably citing *Hays*).

■ As noted, *Cuvrell*'s alternate holding was that the lack of creditor representation in the arbitration proceeding justified the bankruptcy judge's refusal to enforce the arbitration clause at issue in that case. In considering the relevance of that determination here, two points bear emphasis.

First, *Cuvrell* stressed that "[t]he sole question [before the court] is whether the bankruptcy judge abused his discretion in refusing to order the trustee to submit to arbitration." 649 F.2d at 1233. The conclusion that the bankruptcy judge had not abused his discretion is far different from a holding directing a court not to honor contractual arbitration provisions. As far as one can tell, the Sixth Circuit might just as easily have affirmed a contrary ruling by the bankruptcy judge.

■ Second, the assumption underlying the Sixth Circuit's concern regarding creditor representation is that creditors are not represented by the trustee. This assumption is unfounded, as is made clear by a number of Sixth Circuit and other decisions rendered since *Cuvrell*. In *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451 (6th Cir.1982), for example, the Sixth Circuit stated categorically that "[a] trustee in bankruptcy or a debtor in possession, as a fiduciary, represents both the secured and unsecured creditors of the debtor." *Id.* at 462 n. 8. *See also In re C–L Cartage Co.*, 899 F.2d 1490, 1492 (6th Cir. 1990) (referring to the trustee "as the representative of the general creditors"); *In re White*, 851 F.2d 170, 174 (6th Cir.1988) ("By setting out his position as representative of the debtor's creditors, the [bankruptcy] trustee could make the state court aware that other parties' interests will be affected by the property division [in the debtor's divorce proceedings]...."); *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 293 (6th Cir.1983) (Appellants could not intervene as of right in an antitrust action prosecuted by the bankruptcy trustee because they "failed to demonstrate that their interest as stockholders and creditors [of the corporate debtors] is not adequately represented by the Trustee."). *See generally Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355, 105 S.Ct. 1986, 1994, 85 L.Ed.2d 372 (1985) (implicitly accepting the proposition that "bankruptcy trustees represent ... creditors"); *In re Luster*, 981 F.2d 277, 279 (7th Cir.1992) ("A trustee in bankruptcy represents the interests of creditors."); *In re Thompson*, 965 F.2d 1136, 1145 (1st Cir.1992) ("[T]he chapter 7 trustee [is] the duly appointed or elected representative of *all* unsecured creditors...."); *In re Still*, 963 F.2d 75, 78 (5th Cir.1992) ("[T]he Trustee ... represents *all* of [the debtor's] unsecured

---

1. The court in *Hays* limited this assertion to non-core proceedings. *See* 885 F.2d at 1156. For purposes of determining whether Congress intended to carve out an exception to § 3 of the Arbitration Act, the core/non-core distinction would seem to be of only indirect significance. But for what it is worth, I note that the breach of contract issues raised in this proceeding are clearly non-core. *See In re Britton*, 66 B.R. 572, 574 (Bankr.E.D.Mich.1986); *In re Atlas Automation, Inc.*, 42 B.R. 246, 10 B.C.D. 118 (Bankr. E.D.Mich.1984); *see also Sanders Confectionery Products v. Heller Financial*, 973 F.2d 474, 483 (6th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993) ("A core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy.").

creditors."); *In re Davis,* 899 F.2d 1136, 1144 (11th Cir.), *cert. denied,* 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990) ("[A] bankruptcy trustee represents, in part, a group of creditors who share the common interest and purpose of recovering the maximum return on the debts owed to them."); *cf. In re RCS Engineered Products Co.,* 168 B.R. 598, 605 (Bankr.E.D.Mich.1994) (collecting cases for the proposition that creditors are generally bound by the actions of the bankruptcy trustee). Because *Cuvrell*'s alternate holding is based on a false premise, subsequently repudiated by the court which uttered it, I reject that holding as unpersuasive.

Of course, there may be circumstances in which a trustee—or, as in this case, the DIP—cannot adequately represent the interests of a particular creditor. *See generally RCS,* 168 B.R. at 605. But the DIP has made no such showing here, nor did it offer any other rationale for implying an exception to § 3 of the Arbitration Act which would render the arbitration clause unenforceable. Because the DIP failed to meet its burden of proof, Granger's motion will be granted.