**In re R. Bradford BAKER, T. Michelle Baker, Debtors.**

**Paula J. BAKER, Plaintiff,**

v.

**R. Bradford BAKER, Defendant.**

**Bankruptcy No. 95–31966.
Adv. No. 95–3183.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

April 25, 1996.

Jeffrey R. McQuiston, Dayton, Ohio, for Plaintiff.

Thomas P. Erven, Hamilton, Ohio, for Defendant/Debtors.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR ABSTENTION

### WILLIAM A. CLARK, Chief Judge.

This matter comes before the court on the motion of Paula J. Baker ("plaintiff") requesting that this court abstain from hearing plaintiff's original objection to the dischargeability of certain debts of R. Bradford Baker ("debtor"). The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. Objections to discharge and determinations of dischargeability are core proceedings under 28 U.S.C. § 157(b)(2)(J) & (I), respectively. Motions for abstention are core proceedings under 28 U.S.C. § 157(b)(2)(A).

### FACTS

On June 17, 1992, plaintiff and debtor were granted a divorce in the Gwinnett County Superior Court, Georgia. In the Decree, the Gwinnett County court incorporated a Settlement Agreement entered into between the parties.

Subsequent to the decision of the Gwinnett County court, but prior to the debtor's petition for bankruptcy relief, the debtor instituted an action for modification of child support and custody in the DeKalb County Superior Court, Georgia. As of the debtor's petition, June 8, 1995, only one matter remained to be decided by that court, an action for attorneys' fees and expenses by plaintiff. That action is presently stayed by the operation of 11 U.S.C. § 362(a)(1).

On September 27, 1995, plaintiff, then proceeding *pro se*, instituted this adversary proceeding, objecting to the dischargeability of items within the Settlement Agreement and the as yet to be determined award of fees and expenses by the DeKalb County court. Debtor answered and counterclaimed on October 16, 1995.

On January 9, 1996, plaintiff, now represented by counsel, moved this court to abstain from hearing her original objections to dischargeability, so that she may pursue those objections in the Georgia state courts.

### CONCLUSIONS OF LAW

When a court is asked to permissively abstain from hearing a matter, the decision to abstain is within the discretion of the bankruptcy judge. 28 U.S.C. § 1334(c); *Brothers v. Tremaine (In re Tremaine)*, 188 B.R. 380, 384 (Bankr.S.D.Ohio 1995) (citing *Carver v. Carver*, 954 F.2d 1573 (11th Cir.), *cert. denied*, 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992)).

In a previous decision, Judge Thomas F. Waldron of this court recognized the Supreme Court holding that the abstention power is exceptional in nature, and is not granted under normal, everyday circumstances. *Hughes–Bechtol, Inc. v. Air Enters., Inc. (In re Hughes–Bechtol, Inc.)*, 107 B.R. 552, 559 (Bankr.S.D.Ohio 1989) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813–14, 96 S.Ct. 1236, 1244–45, 47 L.Ed.2d 483 (1976)). As noted in *Tremaine*, *supra*, "the court in which the issue is first presented (or capable of presentation) through proper filings and proceedings will continue the proceedings to conclusion." *Tremaine*, 188 B.R. at 384 (footnote omitted).

In determining abstention to be the proper course, *Tremaine* examined thirteen criteria that may be considered helpful as guidelines

for permissive abstention. *Id.* at 384–86 (citing *Nationwide Roofing & Sheet Metal, Inc. v. Cincinnati Ins. Co. (In re Nationwide Roofing & Sheet Metal, Inc.)*, 130 B.R. 768, 780 (Bankr.S.D.Ohio 1991)); *see also Hanna v. Toner*, 630 F.2d 442, 445 (6th Cir.1980) (limiting the general abstention power of the federal courts to three situations: when the state court determination might moot the federal question; when there is a particular issue of state law to be resolved; or when federal jurisdiction has been invoked in bad faith to interfere with state court proceedings).

■ In the matter before the court, two of those thirteen criteria are prevalent in the parties' pleadings: "the extent to which state law issues predominate over bankruptcy issues"; and "the presence of a related proceeding commenced in state court." *Tremaine*, 188 B.R. at 384–86.

■ Initially, the court notes that the plaintiff is correct in her contention that the federal and state courts have concurrent jurisdiction to hear questions of dischargeability arising out of 11 U.S.C. § 523(a)(5). *Tremaine*, 188 B.R. at 384. This situation arises from the fact that the legal issue of dischargeability, while being governed by federal bankruptcy law, *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1107 (6th Cir.1983), is dependent upon a determination of property interests which are "created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *White v. White (In re White)*, 851 F.2d 170, 173 (6th Cir.1988).

■ Plaintiff is also correct in her observation that, in general, federal courts defer to state courts in domestic relations matters. *In re White*, 851 F.2d at 173; *Fitzgerald v. Fitzgerald (In re Fitzgerald)*, 9 F.3d 517, 521 (6th Cir.1993). There are, however, limits to this deference. As the Supreme Court made clear in 1992, this deference is limited to matters where the matter is more suitably handled by the state courts. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 n. 6, 112 S.Ct. 2206, 2215 n. 6, 119 L.Ed.2d 468 (1992) (limiting deference to matters of "divorce, alimony, or child custody decrees."). To hold otherwise would be to convert concurrent jurisdiction into exclusive delegation.

■ Thus, where the state court has not yet determined the property interests involved, it is appropriate for the bankruptcy court to defer to that state court for a determination of § 523(a)(5) dischargeability. *Tremaine*, 188 B.R. at 384; *Portaro v. Portaro (In re Portaro)*, 108 B.R. 142, 149–50 (Bankr.N.D.Ohio 1989).

In the matter before the court, there is no such unsettled property issue. The Gwinnett County court made its determination as to the property interests in question when it adopted the parties' Settlement Agreement on June 17, 1992. There is no matter pending before that court.

While the DeKalb County court still has before it a motion for attorneys' fees and expenses, the resolution of that motion will not affect the property interests in a determination of dischargeability. As such, the mere fact that the proceeding arose out a domestic relations matter is an insufficient basis for this court to invoke the exceptional remedy of abstention.

The only remaining issue, therefore, is a legal determination of dischargeability under 11 U.S.C. § 523(a)(5). As stated above, this determination is one of federal bankruptcy law, and is properly before this court.

For all the reasons stated above, the court finds no compelling reason to defer to the state court for a determination of dischargeability. Plaintiff's Motion for Abstention should therefore be, and hereby is, DENIED.

A pretrial and scheduling conference is set for **Wednesday, May 15, 1996, at 11:00 A.M.**