**In re David Leslie MILLS, Debtor.**

**David Leslie Mills, Plaintiff,**

**v.**

**Linda Solomon, Defendant.**

**Bankruptcy No. 398–11080.**
**Adversary No. 399–0210A.**

United States Bankruptcy Court,
M.D. Tennessee.

Sept. 23, 1999.

---

Andrew Tolbird, Murfreesboro, TN, for the Debtor.

Larry Edmonson, Nashville, TN, for Linda Solomon.

## MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on the cross summary judgment motions of David Mills ("Debtor") and Linda Solomon ("Solomon"). The precise issue for decision is whether Solomon is a creditor of this bankruptcy estate, and if so, how is her claim to be treated. For the reasons more particularly described herein, the court finds that Solomon is a creditor as that term is defined pursuant to 11 U.S.C. § 101(10), and that to obtain permanent possession of the easement across Solomon's property, the debtor must first pay Solomon $11.808.00

The facts are not in dispute. The debtor filed suit in the Chancery Court of Cannon County to obtain an easement upon the property of Solomon pursuant to T.C.A. § 54–14–101 *et seq.* The debtor's property is landlocked, and although Solomon had previously permitted debtor's ingress and egress without easement rights, that relationship apparently soured. Following a jury trial, the debtor was awarded an easement upon the payment of damages to Solomon in the amount of $11,908.00. The jury determined that the value of the easement was $1,908.00; $100 was the rental value of the easement during the pendency of the action, and $9,900 was for incidental damages to the remainder of Solomon's property. The debtor appealed the state court decision.

The debtor filed bankruptcy following the judgment. In his chapter 13 plan, the debtor proposed to treat $1,908 as a secured claim, and the remaining damages as unsecured with a proposed 24% dividend to unsecured creditors. Solomon objected to the proposed treatment arguing that she was not a creditor as that term is defined in the United States Bankruptcy Code, and if she was a creditor, her claim must be treated as fully secured.

Solomon requested and was granted relief from the automatic stay to seek clarification of the state court's judgment with respect to the granting of the easement. The debtor's chapter 13 plan was confirmed upon the condition that confirmation would be reset on Solomon's objection after the chancery court had issued its opinion. The chancery court ruled that the payment of the incidental damages ($9,900) and the value of the easement ($1,908) were conditions precedent to the granting of permanent possession of the right-of-way easement across Solomon's property. Based upon this ruling, Solomon argues that she is not a creditor because she has no right to enforce this judgment by requiring the debtor to in essence "purchase" the easement. Alternatively, Solomon contends that if she is a creditor, the chancery court's order is clear that she must be paid $11,808 before the debtor is granted permanent possession of the easement.

The debtor argues that not only is Solomon a creditor, but also that her claim can be bifurcated into secured and unsecured portions pursuant to 11 U.S.C. § 506(c). According to the debtor, Solomon holds a secured claim up to the value of the easement as found by the chancery court, $1,908, and an unsecured claim as to the

incidental damages and rental value, $10,-000. The debtor argues that, although he would be pleased to treat the entire claim as unsecured, he believes that at least $1,908 is secured by the fair market value of the easement, and the remaining unsecured portion is to receive the proposed dividend of 24%.

Bankruptcy Rule 7056 states that Federal Rule of Civil Procedure 56, governing summary judgments, applies in adversary proceedings, Rule 56 provides as follows:

> The summary judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED.R.CIV.P. 56(c) (1993). Rule 56(c) sets forth a two-pronged test: (1) whether there is a genuine issue of material fact for trial; and (2) whether the law entitles the moving party to a judgment in the absence of a genuine dispute of a material fact.

The moving party always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings and/or discovery materials which demonstrate that there is no genuine disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets that initial burden, the burden is shifted to the nonmoving party to go beyond the pleadings, and by their own affidavits, depositions, answers to interrogatories, and admissions designate specific facts showing that a genuine issue of fact does remain for trial. *Id.* at 324, 106 S.Ct. 2548.

The court finds that no material facts remain in dispute, and the court's only task is to decide who is entitled to a judgment as a matter of law. If the law were clear, this task would be easily accom-plished, but under the unique facts of this case, a unique solution is required.

■ Upon the filing of a bankruptcy petition 11 U.S.C. § 541 operates to capture all legal and equitable interests of the debtor as property of the estate. This provision has been interpreted extremely broadly. The estate takes no greater or no lesser interest than the debtor possesses at the time the bankruptcy petition is filed. These interests are determined by reference to state law. *Oakland Gin Co. Inc. v. Marlow (In re Julien Co.)*, 44 F.3d 426 (6th Cir.1995); *In re White*, 851 F.2d 170 (6th Cir.1988). In this case, the debtor's interest is somewhat ethereal, but nonetheless, an interest of the estate.

■ The state court awarded the debtor the right to purchase the easement from Solomon upon the payment of $11,808.00. The judgment in this case states as follows:

> IT IS FURTHER, ACCORDINGLY ORDERED, ADJUDGED AND DECREED that the Plaintiff shall not have possession of the aforesaid permanent easement until he pays the damages of Eleven Thousand, Eight Hundred and Eight Dollars and 00/100's ($11,808.00) pursuant to this judgment into the Registry of the Chancery Court of Cannon County, Tennessee, the same being a condition precedent to possession of the aforesaid easement.

Order for Payment of Damages and Possession, Chancery Court of Cannon County, May 20, 1999, p.1. This right to "possession of the easement" is not an interest that was foreseen by the drafters of the Bankruptcy Code. While it falls somewhere between a secured claim and a lease, it is probably most analogous to a "right of first refusal" in a contract, or a purchase option at the end of a lease term.[1] In those cases, the lessor or seller

---

1. The court posed the question to debtor's counsel at the hearing on this matter of what gives any portion of this claim the character of a secured claim under state law. No satisfactory answer was forthcoming, and the court is unable to determine any basis for

is unable to force the exercise of the purchase option, but the lessee or buyer does have the right to exercise the right or first refusal or the option to purchase at the stated price. If a debtor possessing the right to purchase at the end of a lease files bankruptcy, the estate, by operation of 11 U.S.C. § 541, captures what rights the debtor possesses at the time of filing. This debtor has the option to "purchase" the easement from Solomon for $11,808.00. The debtor's estate takes no greater or lesser interest than that.

The filing of bankruptcy does not alter this right, it merely acquires it. Accordingly, the court finds that the debtor's estate includes the right of the debtor to pay $11,808.00 to Solomon in order to acquire permanent possession of the easement. Solomon is therefore a creditor of this estate. She may be holding a contingent claim, but the definitions of creditor and claim under the Bankruptcy Code are broad enough to encompass even this contingent, ephemeral claim.[2]

Having found that Solomon is a creditor of this estate, the problem of how to treat her claim in Chapter 13 still remains. The Chancellor's Judgment is clear that payment of $11,808.00 is a condition precedent to possession of the easement.[3] Accordingly, the debtor is left with two options: (1) to make a lump sum payment of $11,808.00 to Solomon, or (2) to pay the $11,808.00 through the plan at an appropriate rate of interest, but not acquire possession of the easement until payment is complete.

By agreement of the parties, the debtor's plan was confirmed with a reservation of rights by Solomon. Having found that Solomon must be paid $11,808.00 before the debtor is allowed permanent possession of the easement, the court orders the debtor to modify his plan accordingly. The court will allow the debtor the option of paying the money in a lump sum or through the plan as provided above.

It is, THEREFORE, so ordered.

treating this as a secured claim. However, the claim is not just an unsecured claim either. The Chancery Court's opinion and judgment defined this "interest" under Tennessee state law, but it does not fit comfortably into any category of claim under the Bankruptcy Code.

2. Although Solomon may not be able to force the debtor to exercise his "option" to pay the $11,808.00 to "purchase" the easement, she can seek contempt or other sanctions against the debtor if he continues to use the easement after his temporary easement expires.

3. The Court is fortunate that Judge Corlew defined this "interest" under Tennessee state law. The Chancellor's careful analysis of the Tennessee statutory provisions clarified that the payment of the damages is a condition precedent to permanent possession of the easement.