IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-10557
Summary Calendar

In the Matter Of: SHEILA KAY BARNES,

Debtor.

_____

SHEILA KAY BARNES,

Appellant,

v.

RONALD BARNES,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:07-CV-32

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Prior to the bankruptcy filing by Appellant Sheila Kay Barnes, the Barneses were engaged in a divorce proceeding in Texas state court. During the bankruptcy proceeding, Appellee Ronald Barnes petitioned the bankruptcy court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to retroactively lift the bankruptcy stay as to the divorce proceeding, which had apparently proceeded to some degree before and after Appellant's filing of bankruptcy. On November 6, 2006, after conducting a hearing on the matter, the bankruptcy court annulled the automatic stay, and granted relief to Appellee from the automatic stay with regard to the divorce proceeding retroactive to the entry of a final divorce decree on September 2, 2003. Appellant filed an interlocutory appeal from the stay order, and the district court affirmed. Finding no error in the bankruptcy court's decision to lift the stay, we affirm the decision below.

This Court reviews the decisions of a bankruptcy court using the same standard applied by the district court. Plunk v. Yaquinto (In re Plunk), 481 F.3d 302, 305 (5th Cir. 2007). Findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. Id. A bankruptcy court's lift of an automatic stay is reviewed for abuse of discretion. In re Chunn, 106 F.3d 1239, 1242 (5th Cir. 1997).

Appellant first contests the district court's denial of her request for a free transcript of the bankruptcy court's November 6, 2006 hearing. As the district court noted, Appellant did not include a transcript of the hearing in the record, nor did Appellant seek in forma pauperis status or a free transcript upon the filing of her appeal. Rather, Appellant delayed requesting the free transcript until after both she and Appellee had filed their initial briefs in the district court. Under 28 U.S.C. 753(f), fees for transcripts in civil cases shall be paid by the United States to persons permitted to appeal in forma pauperis if the trial judge certifies that the appeal is not frivolous. However, Appellant never actually filed with the district court a motion to proceed in forma pauperis, and in fact paid all filing fees up until her appeal to this Court. Even assuming that Appellant's "Motion for Free Appellate Transcript Record" can be regarded as a request to proceed in forma pauperis under 28 U.S.C. § 1915, Appellant did not

demonstrate to the district court that she was entitled to in forma pauperis status. Contrary to her assertions, Appellant did not file with the district court the required affidavit of indigence and statement of assets, and thus the district court did not err in concluding that Appellant had not established indigency and in denying her request for a free transcript.

Second, we agree with the district court that Appellant's appeal is frivolous and lacks merit. Bankruptcy courts are given broad discretion to fashion relief from the automatic stay, including retroactive annulment if warranted. See 11 U.S.C. § 362(d); In re Cueva, 371 F.3d 232, 236 (5th Cir. 2004). Even without inclusion of the transcript, we have no difficulty concluding that the bankruptcy court did not abuse its discretion in lifting the automatic stay. In general, bankruptcy courts owe state courts deference in domestic matters. See In re Robbins, 964 F.2d 342, 344-47 (4th Cir. 1992); see also In re White, 851 F.2d 170, 173-74 (6th Cir. 1988). In addition, as the district court noted, the resolution of the divorce proceeding could only benefit the resolution of the bankruptcy. For these reasons, courts have often permitted the lifting of the automatic stay to allow the state court to resolve pending divorce proceedings. See, e.g., White, 851 F.2d at 173; Vaughan v. First Nat'l Bank, No. 93-7032, 1993 U.S. App. LEXIS 34000 (10th Cir. Dec. 23, 1993). The bankruptcy court properly exercised its discretion in lifting the stay.[1]

Therefore, for the reasons stated above, the judgment of the district court is AFFIRMED.

---

[1] Appellant's circular argument that the divorce proceedings were void because they violated the stay – that was lifted – and thus could not serve as a basis for annulling the stay is meritless. This Court has held "that actions taken in violation of an automatic stay are not void, but rather that they are merely voidable, because the bankruptcy court has the power to annul the automatic stay pursuant to section 362(d)." Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir.1990) (emphasis in opinion). When a bankruptcy court lifts the automatic stay, any defect in the previous action is cured. Thus, in the instant case, any alleged defect in the state court order was cured when the stay was lifted. Chunn, 106 F.3d at 1242 n6.