POSNER, Chief Judge.
Bankrupt affiliated corporations known collectively as “Eljer” appeal from the affir-mance of an order abstaining in six suits and remanding four of them to an Illinois state court. United States Brass Corp. v. California Union Ins. Co., 198 B.R. 940 (N.D.Ill.1996). Eljer wants all six cases to proceed in bankruptcy court. With respect to the remanded cases Eljer asks in the alternative for a writ of mandamus to compel this.
Five of the six suits are declaratory judgment actions brought by Eljer’s liability insurers to establish that their policies do not, as a matter of Illinois law conceded to govern most of the substantive issues in all six of the suits, cover the liability incurred by Eljer to purchasers of its “Qest System,” a plumbing system that turned out to be defective (which goes to prove that if you can’t spell, you’re liable to make other mistakes as well). Of these five suits, one is a diversity suit originally filed in California and the other four are suits filed in an Illinois state court and not removable to federal court on the basis of diversity of citizenship because citizens of the *1265 same state are on both sides in each of the suits. The sixth suit is a mirror-image diversity suit by Eijer brought in the federal district court for the Northern District of Illinois and seeking to establish coverage. A similar diversity suit by Eijer was before us in Eijer Mfg., Inc. v. Liberty Mutual Ins. Co., 972 F.2d 805 (7th Cir.1992), and we held that under Illinois law Eijer was entitled to coverage.
With four of the six current cases seemingly stuck (because of lack of complete diversity) in an Illinois state court that seemed, on the basis of some of its rulings, inclined to disagree with our ruling on coverage in the Liberty Mutual case, Eijer filed for bankruptcy in the Eastern District of Texas. Then, pursuant to 28 U.S.C. § 1452(a), which in conjunction with 28 U.S.C. § 1334(b) authorizes the removal to federal district court of cases that either arise under the Bankruptcy Code or are related to eases that arise under the Code, Eijer removed the four cases in the Illinois state court to the district court for the Northern District of Illinois. The district court referred all six cases to the bankruptcy court for the Northern District of Illinois.
The insurance companies responded to El-jer’s removing the four cases by asking the bankruptcy court to remand them to the Illinois state court under 28 U.S.C. §§ 1334(c) (abstention in favor of state courts in certain bankruptcy cases) and 1452(b) (remand of cases removed under 1452(a)). The bankruptcy judge obliged, and he also granted the insurers’ further motion to abstain pursuant to section 1334(c)(1) in the other two cases. Last he rejected Eljer’s motion to transfer the six eases to the Eastern District of Texas (anything to keep them out of the Illinois state court system!).
Eijer argues that by seeking to shift the suits to state court the insurers are trying to sidestep our decision in Liberty Mutual, hoping for a better outcome in the Illinois courts. This is no doubt true, but is their right; and we cannot share Eljer’s indignation that questions of Illinois law should be decided by the state courts of Illinois rather than by this court. Eijer itself can hardly plead innocent to the charge of forum shopping that it hurls against its opponents. It removed the insurers’ cases from state to federal court in order to have them decided by the court system that had decided the Liberty Mutual case in its favor. Its last-ditch effort to transfer the cases to Texas is another transparent effort at forum shopping. The use of the Bankruptcy Code to obtain a favorable forum should not be encouraged.
We lay the charges of forum shopping to one side and ask, first, whether we have jurisdiction over the appeals from the four remands. Section 1452(b) allows the bankruptcy court to remand “on any equitable ground” a case removed under the previous subsection and adds that the order of remand “is not reviewable by appeal or otherwise by the court of appeals ... or by the Supreme Court.” Read literally this language denies us jurisdiction to review the orders remanding the four cases to state court regardless of the basis of the orders or the grounds for challenging them. But we do not think the literal reading can be correct in light of Quackenbush v. Allstate Ins. Co., — U.S. -, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). The Supreme Court held there, albeit in the context of a different statute restricting appellate review of remands (28 U.S.C. § 1447(d)), that a statute which authorizes a remand on specified grounds and goes on to provide that remands under the statute are not reviewable bars review only of a remand based on one of those grounds. If the judge remands the case on a different ground, his action is reviewable. — U.S. at-, 116 S.Ct. at 1718. In this case, however, the bankruptcy judge remanded on a stated ground, indeed the only stated ground in section 1452(b)— “any equitable ground,” which means simply any appropriate ground. Hernandez v. Brakegate, Ltd., 942 F.2d 1223, 1226 (7th Cir.1991); In re Cathedral of the Incarnation, 90 F.3d 28, 32-33 (2d Cir.1996); Things Remembered, Inc. v. Petrarca, — U.S.-, ---, 116 S.Ct. 494, 499-501, 133 L.Ed.2d 461 (1995) (concurring opinion). He *1266 relied specifically on 28 U.S.C. § 1334(e), which authorizes (and in some cases requires) district courts to abstain in favor of state courts in some bankruptcy cases. El-jer doesn’t think these four cases fall within the scope of section 1334(c) — thinks in other words that the judge erred — but that is precisely the type of error that cannot be reviewed. Hernandez v. Brakegate, Ltd., supra, 942 F.2d at 1226; In re Cathedral of the Incarnation, supra, 90 F.3d at 32-33; In re Conejo Enterprises, Inc., 96 F.3d 346, 350-51 (9th Cir.1996).
It does not help Eljer that it bases its claim of error not only on the bankruptcy judge’s having supposedly misinterpreted or misapplied section 1334(c) but also on his having (Eljer thinks) neglected two distinct and independent limitations on his powers under that section. The first is the principle, which Eljer derives from another part of the Supreme Court’s opinion in Quackenbush, that abstention, being an equitable doctrine, can never be invoked in a suit for damages. See — U.S. at---, 116 S.Ct. at 1721-28. The second limitation is section 1334(d) (now 1334(e) as a result of recent amendments inapplicable to the present cases), which gives the district court in which the bankruptcy is filed, here the district court for the Eastern District of Texas, “exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.”
But the fact that the bankruptcy judge may have overlooked limitations on his equitable discretion does not mean that his ground for remanding the cases was not an equitable ground, even if “equitable ground” is read literally, which the cases cited earlier refuse to do. It just means that he made a mistake in thinking he had an equitable ground for the remand. The approach urged by Eljer would make the bar on appellate review in section 1452(b) a sieve, as it is always possible to argue that the ground on which the bankruptcy judge remanded the case was improper by reason of some other statute or doctrine. The source of the claimed error is irrelevant, provided that the judge’s stated ground for remanding the case was an equitable ground, and it was — in fact this is implicit in Eljer’s argument that Quackenbush bars abstention in a nonequity case; Eljer deems abstention an exclusively equitable defense.
It would be different if the judge had said, “I’m remanding these cases because I don’t like the hairdo of Eljer’s lawyer.” That would be an extra-statutory ground for remand — it wouldn’t fit “equitable ground” by the furthest stretch of the imagination — and consequently it would be reviewable under the exception to statutory bars on appellate review of remands recognized in Quacken-bush.
So the remand orders are not reviewable by this court. Yet it might seem that if the judge acted outside his authority in issuing them, as Eljer contends, it would be a case for the issuance of a writ of mandamus to keep him within bounds; excess of jurisdiction is a conventional formula for the availability of mandamus. Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351-52, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976), overruled on other grounds in Quackenbush v. Allstate Ins. Co., supra, — U.S. at---, 116 S.Ct. at 1718-20; In re Skupniewitz, 73 F.3d 702, 705 (7th Cir.1996); In re Continental Casualty Co., 29 F.3d 292 (7th Cir.1994); In re Excel Corp., 106 F.3d 1197, 1200 (5th Cir.1997). But remember that section 1452(b) bars review by appeal or otherwise, which would seem to take in mandamus, which anyway is available only when the applicant’s right to it is clear. Mallard v. United States District Court, 490 U.S. 296, 309, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989); IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 526 (7th Cir.1996); In re Barnett, 97 F.3d 181, 184 (7th Cir.1996); In re Rhone-Poulenc Rorer Inc., 51 F.3d 1293, 1295 (7th Cir.1995); In re Kessler, 100 F.3d 1015, 1016 (D.C.Cir.1996). Eljer’s grounds for arguing that the judge lacked authority to abstain not only are not clearly right; they are clearly wrong.
This becomes evident when we turn to the merits of the two cases in which our *1267 appellate jurisdiction is secure. These are the cases that were already in the district court under the diversity jurisdiction rather than being removed to it under section 1452(a). An order of abstention that takes the form of a dismissal or a remand, rather than merely of a stay of the proceedings before the district court, is an appealable final decision. Quackenbush v. Allstate Ins. Co., supra, — U.S. at---, 116 S.Ct. at 1718-20. Neither case encounters the statutory bars to an appeal that are found in 28 U.S.C. §§ 1334(e)(2) (now 1334(d)) and 1452(b). The bar in section 1334(c)(2) is limited to cases in which the only basis of federal jurisdiction is section 1334 itself, and the bar in section 1452(b) is limited to cases removed under 1452(a). The two diversity eases have an independent basis of jurisdiction and neither was removed under that section.
Eljer points out that the Supreme Court held in Quackenbush that abstention, being an equitable doctrine, can be invoked only in an equity case. The “black letter” rule is that an applicant for equitable relief has no right to such relief, but merely a right to appeal to the equitable discretion of the judge. Discretionary impediments to equitable relief, such as the doctrine of abstention, are therefore permissible. There is no corresponding flexibility in actions at law. So at least the Court held, although many equitable defenses, such as laches and fraud, are allowed in suits at law. Maksym v. Loesch, 937 F.2d 1237, 1247-48 (7th Cir.1991). Ever since law and equity were merged in the federal courts (see Fed.R.Civ.P. 2), more than a half century ago, the courts have had a free hand in importing equitable defenses into suits at law. Still, whatever we might think the proper resolution of the issue as an original matter, it is now settled against abstention in suits at law. And it is also settled that, although the bankruptcy jurisdiction is equitable, United States v. Energy Resources Co., 495 U.S. 545, 549, 110 S.Ct. 2139, 2142, 109 L.Ed.2d 580 (1990); Katchen v. Landy, 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966); In re Barnes, 969 F.2d 526, 527 (7th Cir.1992), the characterization of an adversary proceeding in bankruptcy, even a core proceeding, as legal or equitable depends on whether the proceeding would be legal or equitable were it a free-standing suit rather than a part of the bankruptcy proceeding. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 56, 109 S.Ct. 2782, 2798, 106 L.Ed.2d 26 (1989). But these points get Eljer nowhere, because all six of the suits before us are declaratory judgment actions, and, as noted in Quackenbush, such actions are equitable. — U.S. at-, 116 S.Ct. at 1722. And if they were not, it would make no difference. For as emphasized in In re Cathedral of the Incarnation, 99 F.3d 66, 69 (2d Cir.1996), the doctrine of abstention invoked by the bankruptcy judge in these cases is statutory, and the statute (28 U.S.C. § 1334(e)) contains no exception for damages actions. Could it be, however, that Congress assumed that abstention would be permitted only in those bankruptcy proceedings in which equitable relief was sought, since abstention is an equitable doctrine, and drafted the statute in light of that assumption? No reason is suggested, or occurs to us, either for the assumption or for such a limitation. The bankruptcy jurisdiction hauls into federal court a host of state-law claims, and whatever the precise relief sought the court ought to have the power to return such a case to the state courts. That is the only sensible meaning that we can impute to section 1334(e), and happily it coincides with the literal meaning.
Eljer’s second argument against abstention — that the district court has no jurisdiction over these eases and hence no power to remand them or abstain — depends on giving an extraordinarily broad meaning to the word “property” in section 1334(d) (now 1334(e)), which places exclusive jurisdiction over the debtor’s property in the court in which the bankruptcy itself is pending. There are two compelling objections to the argument. The first, which is limited however to the five cases not originally filed in the federal district court for the Northern District of Illinois, is that if the argument is correct, those cases were never within the original jurisdiction of that court, since the bankruptcy is pending in a bankruptcy court in Texas, and so could not be removed to the northern district. The removals were there *1268 fore improper, the remands merely put the cases back where they should have been all the while, and Eljer must ask the courts in which they were filed to dismiss them on the basis of section 1334(d), not us.
The second objection, which is to Eljer’s position in all six cases, is that its coverage claims are not the kind of “property” to which the statute refers. Eljer cites cases which hold that an insurance policy is the insured’s property. In re Shondel, 950 F.2d 1301, 1305 (7th Cir.1991); Home Ins. Co. v. Cooper & Cooper, Ltd., 889 F.2d 746, 748 (7th Cir.1989); In re Vitek, Inc., 51 F.3d 530, 534 (5th Cir.1995). Of course it is. But no one is trying to take away Eljer’s property. The issue in these eases is the scope of the insurance policies, an issue of contractual interpretation, not their ownership. Enacted in 1984 (but based on a provision of the Bankruptcy Code of 1978, Pub. L. No. 95-598, § 241(a), 92 Stat. 2549, 2669), section 1334(d) was intended to eliminate jurisdictional disputes arising from the equity principle that makes in rem jurisdiction over an item of property exclusive in the first court to assert such jurisdiction over it. E.g., In re Washington, 623 F.2d 1169 (6th Cir.1980). A creditor might file a lien against property of the debtor in a court in State A, and shortly afterward the debtor might declare bankruptcy in State B. Control over the debtor’s property would be shared by the court in A and the bankruptcy court in B — it might even be the same piece of property, and more than two states might be involved. Section 1334(d) gives the bankruptcy court control of all the property. Creditors who want to enforce their liens have to do so in that court regardless of the location of the creditor or the property. This is the entire meaning of the statute, In re White, 851 F.2d 170, 172-73 (6th Cir.1988); In re Modern Boats, Inc., 775 F.2d 619 (5th Cir.1985); see also Abramowitz v. Palmer, 999 F.2d 1274, 1277 (8th Cir.1993), and it has no application to a dispute between the debtor and its insurers over the scope of coverage.
The decision to abstain under 28 U.S.C. § 1334(c)(1) (“in the interest of justice, or in the interest of comity with State courts or respect for State law”) is renewable only for an abuse of discretion. In re Chicago, Milwaukee, St. Paul & Pacific R.R., 6 F.3d 1184, 1188 (7th Cir.1993); In re Pan American Corp., 950 F.2d 839, 844 (2d Cir.1991); In re Eastport Associates, 935 F.2d 1071, 1075 (9th Cir.1991). Eljer does not argue that there was an abuse of discretion (perhaps because the argument would be a complete nonstarter, Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483-84, 60 S.Ct. 628, 630-31, 84 L.Ed. 876 (1940); In re Pan American Corp., supra, 950 F.2d at 845-46), except as an inference from its hopeless arguments about equity and property-
We add for completeness, because there is a shade of doubt about whether what we called Eljer’s mirror-image diversity suit is actually within the diversity jurisdiction, that section 1334(c)(2) makes abstention in favor of the state court mandatory in noncore proceedings not otherwise within federal jurisdiction and that these insurance cases are noncore. Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant’s right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law. See 28 U.S.C. § 157(b)(2); Barnett v. Stern, 909 F.2d 973, 981 (7th Cir.1990); Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1234-35 (3d Cir.1994). An action to set aside a preference would be an example. 28 U.S.C. § 157(b)(2)(F); In re Parker North American Corp., 24 F.3d 1145, 1149 (9th Cir.1994). The right to complain about a preference is created by the Bankruptcy Code itself, whereas Eljer’s claimed right to insurance coverage is a creation of state contract law and one that could be vindicated in an ordinary breach of contract suit if Eljer were not a bankrupt. The fact that it is an important right to the bankrupt — Eljer claims to be seeking $500 million in insurance coverage— is irrelevant. In re Orion Pictures Corp., 4 *1269 F.3d 1095, 1102 (2d Cir.1993). “Core” is a defined term in the Bankruptcy Code, a term of art, rather than a metaphor. The impact of a claim on the size of the debtor’s estate is a criterion of whether a claim is related to the bankruptcy and is therefore a noncore proceeding. Celotex Corp. v. Edwards, 514 U.S. 300, - n. 6, 115 S.Ct. 1493, 1499 n. 6, 131 L.Ed.2d 403 (1995); Diamond Mortgage Corp. v. Sugar, 913 F.2d 1233, 1239 (7th Cir.1990); Home Ins. Co. v. Cooper & Cooper, Ltd., supra, 889 F.2d at 749; In re Reeves, 65 F.3d 670, 675 (8th Cir.1995). So Eljer has it backwards — arguing for classification as a core proceeding on the basis of a criterion for classification as a noncore proceeding.
A curious but unremarked feature of this set of cases remains to be considered. It concerns the fate of the suit that originated in California. Filed by an insurer in a state court, it had been removed by Eljer to a federal district court there and then transferred to the federal district court for the Northern District of Illinois. Where does the ease go now that the transferee court has abstained? Not to an Illinois court; the case was never in an Illinois court; and we are not told whether the case can now be filed there. It does not make much sense to send the case back to a federal district court in California to apply Illinois law, but that seems to be the natural consequence of the order of abstention — and so easts doubt on the soundness of that order. An alternative might be to stay the case to await the outcome of the cases that have been remanded to the Illinois state court. We shall not try to resolve the dilemma. The parties have not addressed it and, more important, the district and bankruptcy courts did not mention it, so we cannot determine whether the bankruptcy judge actually exercised an informed discretion. When a reviewing court cannot determine whether the judicial officer whose decision is being reviewed exercised the discretion lodged in him, the court must remand. So this part of the case must be remanded for reconsideration by the bankruptcy judge.
In summary, the petition for a writ of mandamus is denied; appeals 96-2846, 96-2847, 96-2866, and 96-2867 are dismissed; the district court’s order appealed in 96-2848 is affirmed, and the order appealed in 96-2868 is affirmed in part, vacated in part, and remanded.