MARYLAND CASUALTY COMPANY
and Northern Insurance Company
of New York, Plaintiffs,

v.

ASELCO, INC.; Dr. S. Justin Kim; Rick
Sopha; John Dickeson; and SOS
Teledata, Inc., Defendants,

v.

HARTFORD FIRE INSURANCE
COMPANY, Third–Party
Defendant.

No. 98–2069–JWL.

United States District Court,
D. Kansas.

May 13, 1998.

Kip D. Richards, Megan Cartwright Thornberry, Walters, Bender & Strohbehn, Thomas R. Buchanan, McDowell, Rice, Smith & Gaar, Kansas City, MO, for plaintiffs.

Terry W. Schackmann, James R. McKown, Spencer, Fane, Britt & Browne, Steven G. Piland, Piland & Magruder, Bruce C. Houdek, Kansas City, MO, for defendants.

Steven G. Piland, Piland & Magruder, Kansas City, MO, for Hartford Financial Services Group, Inc.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This declaratory judgment action concerning insurance coverage, which was removed to this court from state court, is presently before the court on plaintiffs' motion to remand or abstain (Doc. 3) pursuant to 28 U.S.C. §§ 1452(b); 1334(c)(1), (2), and defendants' motion for transfer of venue (Docs. 4, 7) pursuant to 28 U.S.C. § 1412. Because the court concludes that section 1334(c)'s mandatory abstention provision applies here, the court grants plaintiffs' motion and remands the case back to Kansas state court.

The court denies defendants' motion to transfer venue.

## I. Background

In February 1996, defendant SOS Teledata, Inc. (SOS) brought suit in Kansas District Court in Johnson County, Kansas, against the other defendants to this action (the Aselco defendants). In May 1997, these other defendants filed claims with plaintiffs, Aselco's liability insurance carriers, for defense and indemnity with regard to the action brought by SOS. Plaintiffs assumed the defense in the SOS action. Although that action was originally set for trial in October 1997, the trial has been continued twice and is presently set for August 1998.

On October 31, 1997, plaintiffs commenced the present declaratory judgment action in Kansas District Court in Johnson County, by which it seeks a declaration that their policies do not provide coverage for the claims asserted in the SOS case and that they are entitled to recover defense costs already expended; defendants were served on December 12, 1998. On January 7, 1998, the Aselco defendants filed counterclaims in state court for breach of contract and breach of fiduciary duty; they also filed third-party claims against another insurance company, Hartford Fire Insurance Company. In late January, plaintiffs moved to dismiss the breach of fiduciary duty counterclaim, and the state district court issued orders setting an expedited schedule and shortening the time for discovery responses.

On February 2, 1998, Aselco filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Maryland. On February 19, 1998, the Aselco defendants removed the declaratory judgment action to this court pursuant to 28 U.S.C. § 1452(a). On March 10, 1998, plaintiffs moved this court to remand the case to state court pursuant to 28 U.S.C. § 1452(b) or to abstain and remand the case pursuant to 28 U.S.C. § 1334(c). On March 23, 1998, the Aselco defendants responded to plaintiffs' motion and moved pursuant to 28 U.S.C. § 1412 for a transfer of venue to the United States District Court for the District of Maryland (with subsequent reference of the case

to the bankruptcy court there). On March 24, 1998, the Maryland Bankruptcy Court issued an order lifting the automatic bankruptcy stay regarding Aselco with respect to this action and the underlying SOS action. On March 26, 1998, SOS joined in the motion to transfer venue.

## II. Discussion

Section 1452, under which defendants removed this action from state court, permits removal to the district court if such court has jurisdiction over the suit pursuant to section 1334. 28 U.S.C. § 1452(a). Section 1334(a) gives district courts original and exclusive jurisdiction over "all cases under title 11 [the Bankruptcy Code]." *Id.* § 1334(a). Section 1334(b) gives district courts original but not exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b).

Plaintiffs seek remand of this action under section 1452(b), which allows a court to remand a case removed to it under that section "on any equitable ground." *Id.* § 1452(b). In the alternative, plaintiffs seek remand under section 1334's abstention provisions. Section 1334(c)(1) provides for discretionary abstention:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

*Id.* § 1334(c)(1). Section 1334(c)(2) provides for mandatory abstention:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated,

in a State forum of appropriate jurisdiction.

*Id.* § 1334(c)(2). Defendants seek to transfer venue to Maryland pursuant to section 1412, which permits a district court to transfer "a case or proceeding under title 11" to another district "in the interest of justice or for the convenience of the parties." *Id.* § 1412.

The court concludes that this case meets the requirements under section 1334(c)(2) for mandatory abstention and should therefore be remanded to state court. Thus, the court need not address whether it would, in its discretion, remand the case under section 1452(b) or 1334(c)(1). Similarly, the court need not decide whether section 1452 may be used here or whether the court would have exercised its discretion to transfer venue to the District of Maryland under that section.[1]

The Tenth Circuit follows the majority rule that makes removed cases subject to mandatory abstention under section 1334(c)(2). *Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 774 (10th Cir. BAP 1997). A parallel state court proceeding is not required, and a court may remand a case to state court if it finds it necessary to abstain under section 1334(c)(2). *Id.*

Defendants do not dispute the satisfaction of three of the requirements under 1334(c)(2): plaintiffs have made a timely motion, section 1334 provides the only basis for federal court jurisdiction here, and the action was commenced in state court. Defendants argue, however, that the other requirements for mandatory abstention have not been met in this case.

■ Defendants first contend that this action is not merely "related to a case under title 11," but is instead a core proceeding. Specifically, defendants argue that Aselco's insurance policies are property of the bankruptcy estate and that the determination regarding coverage will therefore affect the administration of that estate.

District courts have jurisdiction over, and can refer to the bankruptcy courts, the following categories of proceedings: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11; and (4) proceedings related to a case under title 11. *See* 28 U.S.C. §§ 1334(a), (b); 157(a). "Core proceedings" are those proceedings arising under and arising in bankruptcy cases (categories (2) and (3)). *Personette,* 204 B.R. at 771 (citing 28 U.S.C. § 157(b)). Bankruptcy courts may enter orders and judgments in "cases under title 11" and core proceedings. 28 U.S.C. § 157(b). If a proceeding is merely "related to a case under title 11", a bankruptcy court is empowered only to submit proposed findings and conclusions to the district court for review, unless the parties consent otherwise. *Id.* § 157(c).

The Tenth Circuit has defined these various categories. "Cases under title 11" are the bankruptcy cases themselves. *Personette,* 204 B.R. at 770 n. 6. "A proceeding 'arises under' the Bankruptcy Code if it asserts a cause of action created by the Code." *Id.* That category does not apply here because the declaratory judgment action, which is based on state law, does not state a claim created by the Bankruptcy Code.

"Arising in" proceedings are defined as follows:

> Proceedings "arising in" a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code. For example, orders respecting the obtaining of credit, confirmation of a plan, the assumption or rejection of a contract are all matters which could not exist absent the filing of a bankruptcy case, but are not causes of action created by the Bankruptcy Code.

*Id.* (citations omitted). The court concludes that proceedings involved in this case do not "arise in" Aselco's bankruptcy case. This action concerning coverage under Aselco's insurance policies could certainly exist out-

---

1. The court declines defendants' invitation to transfer venue to allow the Maryland court to consider the issues of abstention and equitable remand. The court is able to decide the legal

issue concerning the applicability of the mandatory abstention provision without the benefit of the Maryland Bankruptcy Court's familiarity with Aselco's Chapter 11 case.

side of the bankruptcy case; in fact, the claims and counterclaims in this case were filed before Aselco's bankruptcy case was commenced.

Finally, a proceeding is "related to" a case under title 11 "if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Id.* at 771 (quoting *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir.1990)). "Related" proceedings include "causes of action owned by the debtor [such as the counterclaims here] which become property of the estate pursuant to 11 U.S.C. § 541." *Id.* (quoting *Celotex Corp. v. Edwards,* 514 U.S. 300, 307 n. 5, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995)). The court agrees that the declaratory judgment action to determine defendants' rights to insurance defense and indemnification could affect the bankruptcy estate here; thus, proceedings in that action are "related to" Aselco's bankruptcy case.

Accordingly, application of the definitions for the various categories of proceedings set out by the Tenth Circuit reveals that the present case is suitable for mandatory abstention under section 1334(c)(2). The declaratory judgment proceedings are related to the bankruptcy·case, but they do not arise under the Bankruptcy Code or in the bankruptcy case.[2]

The court is not persuaded to the contrary by the cases cited by defendants in support of their position. They cite *Home Insurance Co. v. Cooper & Cooper, Ltd.,* 889 F.2d 746, 748 (7th Cir.1989), in which the court stated that a request to determine the validity of the debtor's insurance policy was a core proceeding. In that case, however, the insurer's declaratory judgment action arose after the

filing of the bankruptcy. *Id.* Here, all claims were filed before the bankruptcy and so *could* "exist outside of a bankruptcy case," under the Tenth Circuit standard. Moreover, in the recent case of *In re United States Brass Corp.,* 110 F.3d 1261, 1268 (7th Cir.1997), the Seventh Circuit ruled that a declaratory judgment action by an insurer regarding coverage was *not* a core proceeding for purposes of section 1334(c)(2).

In *In re St. Clare's Hospital & Health Center,* 934 F.2d 15, 18 (2d Cir.1991), the Second Circuit stated that the declaratory judgment action there, which concerned insurance coverage, was a core proceeding; the court stated that conclusion without any analysis, however, and the bankruptcy trustee brought that action after the bankruptcy filing. In *Hirsch v. London Steamship Owners' Mutual Life Insurance Association, Ltd. (In re Seatrain Lines, Inc.),* 198 B.R. 45, 53 (S.D.N.Y.1996), the court expressly rested its conclusion that the declaratory judgment action regarding coverage there was a core proceeding on the fact that the cause of action had arisen after the filing of the bankruptcy petition. In *In re United States Lines, Inc.,* 169 B.R. 804, 820–21 (Bankr. S.D.N.Y.1994), the court relied heavily on the "unique facts" present in that case in concluding that the insurance claim was a core proceeding; the case involved a large number of post-petition claims related to asbestos injuries.[3]

Moreover, the court's· conclusion that the declaratory judgment action here is not a core proceeding is supported by the Seventh Circuit's opinion in *United States Brass Corp.* and the decisions of other courts. *See In re Titan Energy, Inc.,* 837 F.2d 325, 330 (8th Cir.1988) (insurer's declaratory judgment action against the debtor regarding

---

2. The court notes that this ruling would be the same under Fourth Circuit law because that court, which oversees the District of Maryland, applies the same definitions of proceedings "arising in" and "related to" bankruptcy cases. *See Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.),* 86 F.3d 364, 372 (4th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 483, 136 L.Ed.2d 377 (1996).

3. In *Tringali v. Hathaway Machinery Co.,* 796 F.2d 553 (1st Cir.1986), cited by defendants, the court did not address whether the action related to the insurance policy was a core proceeding. *MacArthur v. Johns–Manville Corp.,* 837 F.2d 89 (2d Cir.1988), did not involve a declaratory judgment action concerning coverage; rather, the court there considered the approval of the settlement of insurance claims. *Peachtree Lane Associates, Ltd. v. Granader,* 175 B.R. 232 (N.D.Ill. 1994), did not involve insurance coverage.

coverage was a non-core, related proceeding); *Sullivan v. Maryland Casualty Co. (In re Ramex Int'l, Inc.)*, 91 B.R. 313, 315 (E.D.Pa.1988) (declaratory judgment action concerning insurance coverage was not a core proceeding).

Defendants also argue that the present proceeding is not "based upon a State law claim or State law cause of action" within the meaning of section 1334(c)(2) because the insurance policies are governed by Maryland law and not by the law of the forum state, Kansas. The court rejects this argument as well.

The fact that the claims in this case are based on Maryland state law satisfies the literal requirement in section 1334(c)(2) that the proceeding be based on "State law". Defendants have not provided any authority supporting its position that the court should, in essence, change the words of the statute to "law of the forum State" where Congress did not see fit to provide such limiting language.

Defendants argue that the policy of the mandatory abstention provision was to allow state courts to decide matters arising under their own laws. The legislative history indicates, however, that section 1334(c)(2) was intended not to satisfy any concerns about comity, but rather to limit federal court jurisdiction in the absence of another basis (federal question or diversity) for such jurisdiction. *See* 1984 U.S.C.C.A.N. 576 (1984) (statements of legislative leaders concerning P.L. 98–353). The court further notes in that regard that although 1334(c)(1), the discretionary abstention provision, speaks of the "interest of comity with State courts," section 1334(c)(2) contains no similar reference to comity. *See* 28 U.S.C. § 1334(c). As the court noted in *In re Terracor*, 86 B.R. 671 (D.Utah 1988), the bases for mandatory and discretionary abstention under section 1334 are completely different—the mandatory abstention provision was passed to address the jurisdictional concerns raised by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), while the discretionary abstention provision has its roots in comity and the interests of justice. *Id.* at 678.

■ Finally, defendants contend that the last requirement of section 1334(c)(2), that the action be able to be "timely adjudicated" in the state court, has not been met here. Again, the court disagrees.

"The burden of proving timely adjudication is on the party seeking abstention." *Personette*, 204 B.R. at 778. In interpreting that requirement, the court focuses on "whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case." *Id.* The court concludes that plaintiffs have met their burden with respect to that inquiry.

Both sides appear to agree that all that remains in the declaratory judgment action is for the parties to file and the court to rule on cross-motions for summary judgment. The state court has already shown its willingness to expedite this matter. Thus, the state court can adjudicate this matter in a timely fashion without any unfavorable effect on the Aselco bankruptcy case. Defendants argue that the issues involving Maryland state law are complex, and they contend that a resolution by the Kansas state court will therefore be delayed. Defendants have repeatedly suggested, however, that, if the case remains in a federal court, certification of certain issues to the Maryland Court of Appeals would be appropriate, which action would no doubt effect a longer delay than may be expected in the Kansas state court. Moreover, unless plaintiffs consent, the Maryland Bankruptcy Court could only recommend a decision in the declaratory judgment suit; the prospect of such a two-tier review further favors a finding of timely adjudication in the state court. *See id.* at 778 n. 17. The court thus concludes that the action could be timely adjudicated in the state court.

Because the declaratory judgment action that was removed to this court satisfies the requirements for mandatory abstention under section 1334(c)(2), the court grants plaintiffs' motion to remand the case back to state court in Johnson County.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to remand or abstain (Doc. 3) is granted, and

this action is hereby remanded to the Kansas District Court in Johnson County.

**IT IS FURTHER ORDERED THAT** defendants' motion for transfer of venue (Docs. 4, 7) is denied.

**IT IS SO ORDERED.**