**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HOLLI LUNDAHL,

     Plaintiff - Appellant,

v.

FIREMAN'S FUND INSURANCE
COMPANY, also known as Source
One Mortgage Services; FOUR ACES
MOBILE HOME ESTATES; SAFETY
INVESTMENT CORPORATION;
COMMUNITY ASSET
MANAGEMENT; CNA FINANCIAL
CORPORATION, also known as CNA
Insurance, also known as Loes
Corporation; W. RHODES, Riverside
County Sheriff; TOM SLESCH;
MICHAEL SLESCH; RALPH
BETTY; DAVID BOYCE; MICHAEL
MIHELICH; CITIGROUP; MICHAEL
B. FLESCH; ROBERT T. FLESH,

     Defendants - Appellees.

No. 04-4243
(D.C. No. 2:04-CV-87-PGC)
(D. Utah)

---

**ORDER AND JUDGMENT**   *

---

Before **SEYMOUR** , **KELLY** , and **McCONNELL,** Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this matter, Ms. Holli Lundahl appeals from the district court's order denying her request to withdraw a bankruptcy reference. She also argues that the district court's order, which effectively approved the bankruptcy court's remand of the underlying adversary proceeding back to state court, was improper.

As an initial proposition, we note, as we did in the Order & Judgment filed in appeal number 04-4236 this same day, that Ms. Lundahl's bankruptcy case was dismissed on December 23, 2003. The bankruptcy court then remanded or dismissed all related adversary proceedings, including the one underlying this appeal. That remand order entered on December 29, 2003. The motion to withdraw the bankruptcy reference was filed on January 13, 2004, some two weeks after the remand order entered. It was docketed on January 28, 2004.

Although relying on several grounds to reject the motion to withdraw the reference, the district court initially noted that it was moot in light of the dismissal of the underlying bankruptcy case. We review that determination *de novo. Faustin v. City & County of Denver*, 268 F.3d 942, 947 (10th Cir. 2001). On this record, it is clear the district court's determination was correct. As there

was no longer a bankruptcy matter pending at the time the motion to withdraw the reference was filed, the issue was moot.

Moreover, we will not consider Ms. Lundahl's claims that the bankruptcy court's remand order was suspect. Pursuant to 28 U.S.C. § 1452(b), the remand order is not reviewable. *See Hawking v. Ford Motor Credit Co.*, 210 F.3d 540, 550 (5th Cir. 2000); *In re United States Brass Corp*., 110 F.3d 1261, 1265-66 (7th Cir. 1997); *In re Cathedral of the Incarnation In the Diocese of Long Island*, 90 F.3d 28, 31-32 (2d Cir. 1996).

As we have noted previously, Ms. Lundahl's arguments border on specious. Her description of the record is inaccurate, at best. We warn her that this pattern of vexatious litigation may warrant the imposition of sanctions or other restrictions. *See Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315-16 (10th Cir. 1994).

Ms. Lundahl's request to proceed *in forma pauperis* is denied, and this matter is DISMISSED. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Entered for the Court

Stephanie K. Seymour
Circuit Judge